**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:18-cr-00421-REB-2

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    JUSTIN VIGIL,

        Defendant.

---

## ORDER DENYING MOTION FOR RELEASE

---

This matter is before the court on Defendant Justin Vigil's Motion for Release Pending Sentencing ("Motion for Release") [#108, filed April 14, 2020], which was referred to the undersigned Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated April 14, 2020. [#109]. In the Motion for Release, Defendant seeks release on bond pending his sentencing which was vacated and has not yet been reset. [#107]. This court ordered the Government to respond no later than April 17, 2020. [#110]. The Government responded on April 17, 2020 [#111], and the instant Motion for Bond is currently ripe for review.

On October 16, 2019, Defendant pleaded guilty before the Honorable Robert E. Blackburn on October 16, 2019. [#82]. His sentencing was originally set for March 5, 2019, but was vacated and reset upon motion for March 31, 2020. [#99, #102, #103]. Due to the COVID-19 pandemic and this District's response to promote public health and safety, Defendant Vigil's sentencing was vacated and has not yet been reset. [#107]. In his Motion for Release, Defendant argues that this

court release him due to the current COVID-19 pandemic, so long as it finds by clear and convincing evidence that Defendant Vigil does not pose a risk a flight or a danger to the community.

Defendant Vigil is subject to mandatory detention pursuant to 18 U.S.C. § 3143(a)(1), and he does not meet that section's release requirements. Therefore, Defendant Vigil seeks now relief from an order by Judge Blackburn, the court with original jurisdiction over the offense and presiding judicial officer.  The Motion for Release was referred to this court, and I now proceed by Order pursuant to Fed. R. Crim. P. 59(a).  Section 3143 provides that a judicial officer shall order a person who has been found guilty of an offense and who is awaiting imposition of sentence be detained, **<u>unless the judicial officer finds by clear and convincing evidence</u>** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  18 U.S.C. § 3143(a)(1) (emphasis added).

First, as an initial matter, though this court is cognizant of the concerns presented by the COVID-19 pandemic to all individuals, both detained and otherwise, this court notes that Defendant Vigil's conduct in this case does not support a finding that there is clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person in the community.  This court released Defendant Vigil on conditions of release, including a curfew and GPS monitoring on March 12, 2019.  [#26].  Less than two months later, Defendant Vigil failed to return to his residence by the court-ordered curfew time, failed to report to his supervising officer as required, and severed the ankle monitor without permission.  [#34].  Defendant Vigil failed to appear at his sentencing hearing set for June 20, 2019.  [#59].  Defendant Vigil's location was unknown until he appeared before this court on a Writ of Habeas Corpus ad Prosequendum four months later.  [#73, #79]. The fact that Defendant Vigil was detained by Jefferson County at

the time that he was located by the United States Marshals for his violation of pretrial release also undercuts any argument that he is not a danger to the community.  In addition, Defendant Vigil's original offense involved the use of firearms to rob additional firearms from a Federal Firearm Licensee posed a significant danger to the community in multiple ways.  The potential risk of COVID-19 generally in the GEO facility bolster any argument of the lack of the risk of flight and/or danger to the community specifically presented by Defendant Vigil.

Upon review of the docket, the Motion for Release, and the Government's Response, this court respectfully finds that Defendant Vigil has failed to meet his burden.  Accordingly, it is **ORDERED** that:

(1)    Defendant Justin Vigil's Motion for Release Pending Sentencing [#108] is **DENIED**.[1]

DATED:  April 20, 2020

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[1] Pursuant to Fed. R. Crim. P. 59(a), the Parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Failure to object in accordance with this rule waives a party's right to review.  Fed. R. Crim. P. 59(a).